UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHAUS MALIK,<br><br>               Plaintiff,<br><br>       v.<br><br>ROBERT W. WRIGHT, et al.,<br><br>               Defendants. | No.  2:24-cv-00692 MCE AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, has filed a motion for default judgment. ECF No. 13. The motion is procedurally improper because there has been no entry of default by the Clerk, pursuant to Fed. R. Civ. P. 55(a). Also, the court notes that all defendants have appeared and their time to file an answer or motion responsive to the complaint has not yet elapsed. Thus, the motion for default judgment must be denied. Plaintiff is informed below of the procedures to be followed in pursuing a default judgment.

## I.   Default Judgment Procedure

A party seeking default judgment must first request entry of default from the Clerk's Office under Fed. R. Civ. P. 55(a). The court Clerk determines whether entry is appropriate by reviewing the requesting party's request and accompanying documentation. If the Clerk finds that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default without any need for a judicial order. A default entry is not a judgment, but it is a necessary

1  precondition for judgment.

2  If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to
3  the court to obtain a default judgement. Fed. R. Civ. Proc. 55(b)(2). Plaintiff must file a motion
4  for entry of default judgment and notice the motion for hearing before the undersigned pursuant
5  to Local Rule 230. The motion may be made any time after entry of defendant's default.

6  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-
7  ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002)
8  (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b)
9  (governing the entry of default judgments). Instead, the decision to grant or deny an application
10 for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d
11 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following
12 factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

17 Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily
18 disfavored. Id. at 1472.

19 As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in
20 the operative complaint are taken as true, except for those allegations relating to damages.
21 TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). Although
22 well-pleaded allegations in the complaint are admitted by a defendant's failure to respond,
23 "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not
24 established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).
25 Any motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set
26 forth in Eitel v. McCool, above.

27 ////
28 ////

## II. Discussion

Here, default judgment cannot be entered because the Clerk has not made an entry of default. Further, entry of default would not be appropriate because the defendants have appeared and their time to respond to the complaint has not yet elapsed. See ECF No. 12. Accordingly, they have not defaulted. For these reasons, the motion must be denied.

## III. Recommendation

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (ECF No. 13) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2024

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE