UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHAUS MALIK, | No. 2:24-cv-00692 TLN AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT W. WRIGHT, et al., | |
| Defendants. | |

Plaintiff paid the filing fee and is proceeding in this matter pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Defendants move to dismiss for lack of subject matter jurisdiction. ECF No. 15. Plaintiff opposes the motion. ECF No. 16. The undersigned recommends this case be DISMISSED in its entirety for lack of subject matter jurisdiction, as explained below.

**I. Background**

    A.    The Complaint

Plaintiff is a citizen of the State of California. ECF No. 1 at 2. Plaintiff is suing four defendants: (1) Robert W. Wright, a citizen of California, (2) Walid Tamri, a citizen of Illinois, (3) Margaret E. White, a citizen of New York, and (4) Haig Panossian, a citizen of New Jersey. ECF No. 1 at 1. Plaintiff alleges that jurisdiction in federal court is proper because the defendants "are citizens of different states of the USA and the Amount in dispute is over $75,000." ECF No.

1 at 2. Plaintiff seeks damages against defendants for fraud and conspiracy arising out of Mr. Wright allegedly "running an attorney subcontracting business from his office in San Diego CA" and mishandling a case in the Supreme Court of New York.  ECF No. 1 at 9.

### B. Motions to Dismiss

All defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that there is no basis for subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  ECF No. 15-1 at 2.  Because jurisdiction is a threshold matter, and the court finds there is no subject matter jurisdiction, only that portion of the motion is addressed.

## II.  Analysis

### A.  Legal Standards Governing Motions to Dismiss under Rule (12)(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).  A case "arises under" federal law for jurisdictional purposes either where federal law

1 creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

B.  Requirements of Diversity Jurisdiction

Plaintiff does not make any federal claims and asserts that jurisdiction exists based on diversity, but plaintiff misunderstands the requirements of diversity jurisdiction.  In an action in which subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than *each* of the defendants.  See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir.2008) ("We have jurisdiction only if [plaintiff], a resident of California, has citizenship which is diverse from that of every defendant.").  In this case, both plaintiff and defendant Robert Wright are citizens of California.  ECF No. 1 at 1-2, ECF No. 16 at 1.  Because plaintiff and one of the defendants are citizens of the same state, there cannot be diversity jurisdiction.  There is no other basis for jurisdiction, and so this case must be dismissed for lack of subject matter jurisdiction.  Leave to amend is not appropriate in this case because no amendment can resolve this jurisdictional defect.

### III.  Pro Se Plaintiff's Summary

This case must be dismissed because federal court diversity jurisdiction requires that the plaintiff be from a different state than *every* defendant.  In a case like this where there are multiple defendants, it is not enough that plaintiff is from a different state than some of the defendants; he must be from a different state than each defendant.  Even though each defendant in this case is from a different state than the other defendants, there can be no diversity jurisdiction because you live in California and one of the defendants also lives in California.  This case can

////

only be heard in state court because there is no federal claim, and there is no diversity jurisdiction.

## IV.  Conclusion

Accordingly, the undersigned recommends as follows:

1. That the motion to dismiss at ECF No. 15 is GRANTED; and
2. That the complaint (ECF No. 1) be DISMISSED in its entirety for lack of jurisdiction, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 14, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE